UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JESSICA NAPOLITANO, | Civil Action No. 15-2732 (FLW) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| RAGAN & RAGAN PC, *et al.*, | |
| Defendants. | |

**BONGIOVANNI, Magistrate Judge**

Currently pending before the Court is Plaintiff Jessica Napolitano's ("Plaintiff") motion to amend the complaint. (Docket Entry No. 20). Defendant Ragan & Ragan PC ("Defendant") opposes Plaintiff's motion. (Docket Entry Nos. 24). The Court has fully reviewed the papers submitted in support of and in opposition to Plaintiff's motion. The Court considers Plaintiff's motion without oral argument pursuant to L.Civ.R. 78.1(b). For the reasons set forth below, Plaintiff's motion is DENIED.

**I.     Background and Procedural History**

On April 17, 2015, Plaintiff filed a Complaint alleging that the Defendant violated the Fair Debt Collection Practices Act (the FDCPA). (Docket Entry No. 1). Defendant then filed an Answer on June 12, 2015. (Docket Entry No. 6). The Court issued a Scheduling Order on September 10, 2015, which included a deadline of November 13, 2015 for filing amended pleadings and a discovery deadline of February 26, 2016. (Docket Entry No. 8). On February 25, 2016, the Court scheduled a settlement conference and ordered that the discovery deadlines shall be reset if the matter does not settle. (Docket Entry No. 12). The parties participated in a settlement conference with the Court on April 18, 2016, and at the conclusion of the settlement

conference, Defendant was granted leave to file a Motion for Judgment on or before May 27, 2016, and discovery was stayed pending a decision on the motion.

Defendant filed a Motion for Judgment on the Pleadings Pursuant to FRCP 12(c) on May 27, 2016. (Docket Entry No. 18). Plaintiff, after filing for an automatic fourteen day extension of time, filed a Memorandum of Law In Opposition to Defendant's Motion for Judgment on the Pleadings Pursuant to FRCP 12(c) and a Cross-Motion to Amend the Complaint on June 21, 2016. (Docket Entry Nos. 19 - 21). The District Court temporarily terminated Defendant's Motion for Judgment on the Pleadings pending the Plaintiff's Motion to Amend the Complaint, and the District Court held that Defendant's Motion for Judgment may be re-listed upon resolution of the Motion to Amend. (Docket Entry No. 22).

**II.     Analysis**

    **A.     Motions to Amend the Pleadings**

According to FED.R.CIV.P. ("Rule") 15(a), leave to amend the pleadings is generally granted liberally. *See Foman v. Davis,* 371 U.S. 178, 182 (1962); *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000). However, the Court may deny a motion to amend where there is "undue delay, bad faith . . . repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." (*Id.*) Nevertheless, where there is an absence of the above factors: undue delay, bad faith, prejudice or futility, a motion for leave to amend a pleading should be liberally granted. *Long v. Wilston*, 393 F.3d 390, 400 (3d Cir. 2004).

In deciding whether to grant leave to amend, "prejudice to the non-moving party is the touchstone for the denial of the amendment." *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989) (quoting *Cornell & Co., Inc. v. Occupational Health and Safety Review Comm'n*, 573 F.2d

820, 823 (3d Cir. 1978)). To establish prejudice, the non-moving party must make a showing that allowing the amended pleading would (1) require the non-moving party to expend significant additional resources to conduct discovery and prepare for trial, (2) significantly delay the resolution of the dispute, or (3) prevent a party from bringing a timely action in another jurisdiction. *See Long*, 393 F.3d at 400. Delay alone, however, does not justify denying a motion to amend. *See Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001). Rather, it is only where delay becomes "'undue,' placing an unwarranted burden on the court, or . . . 'prejudicial,' placing an unfair burden on the opposing party" that denial of a motion to amend is appropriate. *Adams v. Gould Inc.,* 739 F.2d 858, 868 (3d Cir. 1984).

A motion to amend is also properly denied where the proposed amendment is futile. *See Foman,* 371 U.S. at 182; *Alvin*, 227 F.3d at 121. An amendment is futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face." *Harrison Beverage Co. v. Dribeck Imp., Inc.,* 133 F.R.D. 463, 468 (D.N.J. 1990) (internal quotation marks and citations omitted). To evaluate futility the District Court uses "the same standard of legal sufficiency" as applied for a motion to dismiss under Rule 12(b)(6). *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). "Accordingly, if a claim is vulnerable to dismissal under *Rule 12(b)(6)*, but the plaintiff moves to amend, leave to amend generally must be granted unless the amendment would not cure the deficiency." (*Id.*)

      **B.**    **Discussion**

Plaintiff argues that Rule 15 should apply to her Motion to Amend her Complaint, "as an extension of the deadlines in the Scheduling Order was clearly anticipated and expected by the Magistrate and the parties to this action." (Pl's Br. at 20). Even though Plaintiff acknowledges in her Memorandum that amended pleadings were to be filed by November 13, 2015, Plaintiff

3

proceeds to argue that because the discovery deadlines were extended that it was clear that the same extension would apply to all the deadlines set forth in the Court's original Scheduling Order. (Pl's Br. at 19-21). Plaintiff contends that a similar situation arose in *Smith v. Honeywell Int'l, Inc.*, No. 10-cv-03345-ES-JAD, 2014 WL 301031 (D.N.J. Jan. 27, 2014). The Court notes, however, that *Smith* is distinguishable in that the Scheduling Order was amended and the amended order provided for an extension of the discovery deadlines as well as deadlines for filing amended pleadings. (*Id.* at *3).

Next, Plaintiff argues that even if this Court finds that the good cause requirement of Rule 16 applies to this action, that Plaintiff is able to establish that good cause exists, because Plaintiff maintains that she acted with the utmost diligence in obtaining the discovery needed to develop her claim and in seeking a modification of the discovery schedule. Plaintiff submits that there was no undue delay or bad faith, that Defendant cannot claim any prejudice, and that Plaintiff's Motion to Amend is not futile.

In its Opposition to Plaintiff's Cross-Motion, Defendant submits that Plaintiff served Defendant with her discovery demands on October 30, 2015, only two weeks before the November 13, 2015 deadline to amend the pleadings. (Def's Br. In Opp. at 5). Further, Defendant maintains that at no time during the conferences on February 24, 2016 or on April 18, 2016 did Plaintiff ask the Court to file an amended pleading. (*Id.* at 6). Accordingly, Defendant argues that the "higher and stricter 'good cause' standard" of Rule 16(b) should govern Plaintiff's Motion to Amend as opposed to Rule 15, because Plaintiff's Motion was filed beyond the deadline provided in the September 10, 2105 Scheduling Order. (*Id.* at 8).

With regard to Rule 16(b), Defendant points to the Court's Scheduling Order which specifically states that "there will be no extensions except for good cause shown and by leave of

4

Court…." (*Id.* at 6). Defendant argues that Plaintiff fails to meet the good cause requirement, because Plaintiff has not acted diligently in obtaining discovery and that "the proposed Amended Complaint does not contain any new information or facts gleaned from discovery." (Def's Br. at 9). Further, Defendant argues that the proposed amended complaint is futile and does not sufficiently allege a basis for her constitutional standing under Article III. (*Id.* at 11).

The Court finds that Plaintiff's motion to amend was not timely filed. The September 10, 2015 Scheduling Order clearly identified a deadline: November 13, 2105, by which the parties may amend the pleadings. Plaintiff never requested an extension of the November 13, 2015 deadline for amending the pleadings, but rather seeks to amend her complaint well after the deadline for doing so. While Plaintiff argues that she anticipated and expected an extension of the deadline for amending the pleadings, the record does not support Plaintiff's allegation of an extension to the deadline for amending the pleadings. Rather, the only deadline explicitly extended was for the fact discovery.

Further, Plaintiff only began to seek discovery on October 30, 2015, a mere two weeks before the deadline for amending pleadings. Given that the Defendant's responses to these discovery requests would not be due for thirty days, Plaintiff could have anticipated that she needed time to digest the discovery and should have requested additional time to determine whether an amendment to the complaint was warranted. Moreover, the parties continued to litigate this action and engaged in settlement negotiations. While the parties submitted a joint request for an extension of the fact discovery deadline, no mention of the deadline to move to amend was made by Plaintiff. Plaintiff never specifically sought to extend the deadline to amend the pleadings, nor did Plaintiff seek leave from the Court to file a motion to amend the pleadings. It was not until after Defendant filed a Motion for Judgment on the Pleadings, which was six months after the deadline for filing

5

amended pleadings, that Plaintiff sought Defendant's consent to file a motion to amend her complaint. Defendant, appropriately so, presumed that the filed Complaint governed.

Plaintiff should have either filed her Motion to Amend the Complaint or made an affirmative application to extend the deadline for filing an amended pleading before November 13, 2015. Accordingly, the Court finds that there is undue delay on behalf of the Plaintiff, and as a result, Plaintiff cannot demonstrate good cause for moving to amend the pleadings more than six months beyond the Court ordered deadline.

### III.   Conclusion

For the reasons stated above, Plaintiff's motion seeking leave to file an Amended Complaint is DENIED, and Defendant's Motion for Judgment on the Pleadings shall be re-listed. An appropriate Order follows.

Dated:  January 20, 2017

> s/Tonianne J. Bongiovanni
> **HONORABLE TONIANNE J. BONGIOVANNI**
> **UNITED STATES MAGISTRATE JUDGE**